## B–LINE CAB CO. et al. v. HAMPTON.

Court of Appeals of Kentucky.
March 7, 1952.

Mayer, Cooper & Kiel, Louisville, for appellants.

Hargadon, Bennett & Lemaire, Louisville, for appellee.

█ CLAY, Commissioner.

A taxicab owned by appellant company struck appellee, a pedestrian, near the intersection of Brook and Jefferson Streets in Louisville. The jury awarded her $7,500

damages. Several grounds are urged for reversal, which will be taken up seriatim after a statement of the significant facts.

The accident occurred about 11:30 on a Sunday night. Appellee had shortly before left Stoney's Cafe, located on the southwest corner of Brook and Jefferson. She was accompanied by a Mr. Kessler. They hailed a Yellow Cab directly across the street, which was proceeding west on Jefferson. It pulled to the curb on the other, or north side of that street. Jefferson is 60 feet wide and at that time had four driving lanes, two east and two west on either side of the center line. Appellee and Mr. Kessler then proceeded to cross from south to north for the purpose of entering the cab.

She testified that the two were walking in what would be the proper crosswalk. When they were in the middle of the street she saw appellants' cab approaching from the right. It was then (she says) about half a block away. With the idea of traversing the street ahead of this on-coming vehicle, she continued walking and then started running. She ran to the left of the crosswalk and was struck by the taxicab.

In her opinion this vehicle was approaching at a speed of 40 miles an hour. She claims that she did not get out of the crosswalk until she started running to the left in an attempt to avoid what appeared to be an imminent collision.

■ On the basis of appellee's own version of how this accident occurred, it is contended by appellants that she was guilty of contributory negligence as a matter of law. The principal case relied upon is Cumberland Grocery Company v. Hewlett, 231 Ky. 702, 22 S.W.2d 97. In that case we held that where a plaintiff, observing an approaching automobile 30 or 40 feet away, attempted to "beat" it across the street, she was contributorily negligent as a matter of law, and that issue should not have been submitted to the jury.

There are two distinguishing features in the present case. The first is that appellee testified she was crossing the street in a crosswalk where she had a right to be; whereas, in the Hewlett case just discussed, the lady was crossing between intersections.

Secondly, in that case the pedestrian observed the approaching vehicle when it was in close proximity to her; whereas, appellee says appellants' taxi was a half block away. Accepting as true appellee's testimony that she was in the crosswalk, she had the right of way under KRS 189.570(2), and the jury could have determined she was not negligent in assuming the taxicab would yield and permit her to cross in safety. While the jury might properly have found either way on this issue, we cannot say as a matter of law she was contributorily negligent so as to bar her right of recovery. See Pryor's Administrator v. Otter, 268 Ky. 602, 105 S.W.2d 564. Appellant was not entitled to a directed verdict.

■ Appellants next contend that the testimony of a police officer estimating the speed of appellants' taxi on the basis of the skid marks he observed was incompetent. We do not think under the facts shown here that the police officer was qualified to state the speed at which this taxicab was traveling. While he might have given his expert opinion concerning the relationship of skid marks to speed, his testimony concerning the speed of this particular taxi which he did not observe in motion was incompetent. On another trial, which must be granted on other grounds, this type of evidence should not be introduced.

■ Appellants next contend the trial court erred in giving and refusing certain instructions. Fundamentally they argue that appellants' defenses were not properly submitted to the jury, and there is merit in this claim. According to appellants' evidence, appellee was not crossing Jefferson Street in the crosswalk. The driver of the Yellow Cab testified he parked between 75 and 100 feet west of Brook Street, and that appellee started directly from the corner in front of Stoney's Cafe toward his cab, which would indicate that she was walking diagonally across the street, not in the crosswalk. The testimony of two other witnesses and her position in the street when struck strongly tend to prove she was not crossing in the crosswalk. If this fact was true, under KRS 189.570(4)(a) it was appellee's duty to yield the right of way to appellants' taxi.

The instruction given by the court was as follows: "It was the duty of the plaintiff, Mary Hampton, in crossing Jefferson Street on the occasion concerning which you have heard evidence, to exercise ordinary care for her own safety, and this included the duty, if you believe from the evidence that she was crossing Jefferson Street at a point other than in the crosswalk, to yield the right of way to approaching vehicles on Jefferson Street, including defendant's taxicab."

There appear to be two objections to this instruction. The first is that the obligation to yield the right of way was made a subordinate element of the exercise of ordinary care; whereas, KRS 189.570(4) (a) imposes a positive duty on the pedestrian. Thus the question is not whether appellee exercised due care in failing to yield the right of way, but whether or not the facts were such that she had the duty to yield. Therefore, such specific duty should have been set out as distinct from her obligation to otherwise exercise ordinary care.

A further objection is that the instruction failed to enlighten the jury concerning the essential components of the duty to yield the right of way. As a matter of law we know what this responsibility entails. It could, however, mean anything or nothing to a jury. In Louisville Taxicab & Transfer Co. v. Byrnes, 296 Ky. 560, 178 S.W.2d 4, it was pointed out that yielding the right of way, in addition to requiring increased care commensurate with increased danger, meant keeping a lookout and not attempting to pass in front of an approaching vehicle so near as to make collision imminent. KRS 189.330(4) and (5), setting forth the duties of drivers approaching a superior highway, defines the vehicles to which the right of way should be yielded as those which constitute an "immediate hazard." It seems to us that "yielding the right of way" encompasses the concrete requirement that the pedestrian must not attempt to cross the street between intersections when an approaching vehicle constitutes an immediate hazard. The instruction given did not furnish an adequate guide to the jury in failing to explain this essential element of appellee's duty. See Whittaker

et al. v. Thornberry, 306 Ky. 830, 209 S.W. 2d 498.

On another trial if the evidence is substantially the same, the following type of instruction, in addition to the one setting forth appellee's duty to exercise ordinary care generally, should be given: "If you believe from the evidence that when the plaintiff observed the approach of defendants' taxicab she was crossing Jefferson Street at a point other than in the crosswalk, and if you believe that defendants' approaching taxicab at that time constituted an immediate hazard to her safety if she continued crossing the street, then it was her duty to yield the right of way to defendants' taxicab by not attempting to pass in front of it."

We have omitted any reference to keeping a lookout, because appellee stated she had observed the on-coming vehicle. Since the above suggested instruction imposes a special duty commensurate with the increased danger, it will not be necessary for the trial court to give appellants' offered instruction No. 3 covering that point.

The next question concerns whether or not the court should have given appellants' offered instruction on appellee's duty to exercise the care of a sober person even if she was intoxicated. Appellee insists there was no evidence she was in such condition. Yet the following appears: Two witnesses who were on the north side of Jefferson Street testified their attention was called to appellee and her escort because when they came out of Stoney's they slammed the door and were talking loud. As expressed, they were "arguing" and "jabbering backwards and forwards." These witnesses said that as the couple started across the street they "staggered" or "waddled." They appeared to be holding one another up. The driver of the Yellow Cab testified appellee was "helping" Mr. Kessler across the street. This is not all.

By her own admission appellee had been in a place where beer was served, in the company of a man not her husband, for two or three hours. In addition, the actual occurrence of the accident indicates that appellee became somewhat confused, and the actions of both herself and Mr. Kessler

lend credence to the theory of intoxication. We think there was ample evidence, both direct and circumstantial, to support a jury finding that appellee was under the influence of intoxicants.

The court's instruction defining ordinary care said that it: "* * * means that degree of care which ordinarily careful, prudent persons usually exercise under like or similar circumstances to those you believe from the evidence are proven in this case."

Under this instruction, if the members of the jury believed appellee was intoxicated, they could have found her not negligent even if she exercised only such care as would be expected of one in such condition. The law requires more than that. Intoxication may well cause, but is no excuse for carelessness. It was appellee's duty to exercise the care of a prudent sober person, and an instruction on this issue should have been given. See Whittaker et al. v. Thornberry, 306 Ky. 830, 209 S.W.2d 498.

In appellee's brief it is suggested that she was entitled to a "last clear chance" instruction. However, the facts show that she had an equal, if not better chance than the driver to avoid this accident after the danger developed, and therefore the doctrine is not applicable. See Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843. For the error in the instructions, the judgment must be reversed.

The judgment is reversed for a new trial.