16802

THOMPSON v. SOUTH CAROLINA STATE HIGHWAY
DEPARTMENT

(79 S. E. (2d) 160)

*Messrs. T. C. Callison, Attorney General, William A. Dallis, Assistant Attorney General,* of Columbia, and *Messrs. Mays, Featherstone & Bradford,* of Greenwood, *for Appellant,*

*Messrs. Nicholson & Nicholson,* of Greenwood, *for Respondent,*

December 1, 1953.

BAKER, Chief Justice.

For convenience the litigants will be referred to as plaintiff and defendant, respectively.

This action was commenced in the Court of Common Pleas for Greenwood County for damages for injuries alleged to have been caused by a defect in the highway in Greenville County.

The case was previously before this Court on appeal of the defendant from an order refusing a motion of the defendant for a change of venue to Greenville County. The order appealed from was affirmed by this Court in an opinion reported in 221 S. C. 250, 70 S. E. (2d) 241.

At a trial of the case on its merits at the April (1952) term of the Court for Greenwood County, the jury rendered a verdict for plaintiff in the sum of $4,000.00, upon which verdict judgment was duly entered, and this appeal followed.

The plaintiff in her complaint alleges that her injuries were caused by the negligence of the Highway Department in permitting a hole to form and remain unrepaired in the edge of the pavement and was not caused by her own negligence either as a sole or contributing cause. The defendant denies that there was a hole at the place alleged or in the vicinity thereof and alleges that the negligence of the driver of the automobile was the sole cause of the accident or was a contributing cause, and that said negligence was imputed to the plaintiff because of their being engaged in a joint enterprise or because the driver was acting as her agent or servant.

The defendant, after presentation of its oral testimony, offered in evidence the scene of the accident and made a motion that the jury be permitted to view it, which was denied. The defendant also made timely motions for a directed verdict and for judgment *non obstante veredicto* and, in the alternative, for a new trial, which were refused. This appeal is from the orders refusing the aforesaid motions and from the judgment.

The defendant (appellant) states the issues involved to be:

"I. Was the accident caused by the sole negligence of the driver of the vehicle?

"II. If there was a defect in the highway due to actionable negligence of the Highway Department, was the accident contributed to by the negligence of the driver as a proximate cause and was such negligence imputable to the plaintiff because of their being engaged in a joint enterprise or because the driver was a servant or agent of the plaintiff?

"III. Did the Trial Judge err in refusing the motion of the defendant to send the jury to the scene of the accident for view and inspection of the premises?"

The defendant in its printed brief concedes, and properly so, that "The testimony of plaintiff's witnesses tended to show that at the time and place of the accident there was a hole on the edge of the pavement and extending into the pavement some two (2') feet. While this is not admitted by the defendant, it will be assumed to be a fact in the discussion of the question of sole negligence of the driver and the subsequent discussion of the contributory negligence of the driver, since under questions such as these the facts must be looked on in the most favorable light to the plaintiff." We add that there was also testimony on behalf of the plaintiff that the hole was 18 inches deep and something like 16 or 20 inches wide, and that this was the point where the driver of the car apparently lost control of the car, judging from tire marks in the hole and skid marks on the highway; and this was where one of the surviving occupants of the automobile felt a bump, and the other the car hitting a hole and feeling a hard jar.

The defendant relies strongly upon the testimony of its witness, Mr. A. Beacham, as to the speed of the car in which plaintiff was riding in order to show negligence on the part of the driver, but this witness refused to estimate the speed thereof, although he did say it was being driven "pretty fast" at one time, at a "rapid speed" at another time, and still another time as "extremely fast." This witness also corroborated the measurements as made by a Mr. Mabry, a highway patrolman, as to the courses and distances of skid marks made by the car before it finally came to a stop, but although he stated that he saw where the car indicated it left the paved portion of the highway, he was not asked the question nor did he state that the car was off the paved portion of the highway prior to reaching the point where it is alleged there was a hole extending into the pavement. Mr. Beacham also testified that his attention was directed to this automobile by reason of the noise it was making as it approached, and the speed thereof, but frankly

admitted that it was an old car, and that old cars traveling on the highways make considerable noise.

Defendant also relies on the distance the car traveled after getting out of control, and that the driver and the plaintiff were thrown out of the car, possibly through the top, and into the air some estimated 12 feet, killing the driver and seriously injuring the plaintiff, as evidence of the speed at which the car was being driven.

Mr. Mabry, the highway patrolman, without objection, was permitted to testify as to the speed the car in which plaintiff was riding was being driven at the time it went out of control (or immediately after it went out of control), applying some formula to the distance it traveled and the number of times it turned over, in arriving at his conclusion as to the speed. So many factors could enter into this that any formula would be worthless. And again, a highway patrolman who did not see the car in motion is no more competent to judge of the speed of such car than the average man sitting on the jury. He estimated the speed of the car at between 60 and 70 miles an hour, to which testimony the jury naturally gave little weight, if any. We have heretofore remarked, in at least one opinion, that the testimony of highway patrolmen should be limited, when they are not an eyewitness, to markings on the highway, etc., and it is for the jury to reach a conclusion concerning the issue which it is sought to be proven or rebutted thereby.

The testimony of the plaintiff and of her nephew, the other surviving occupant, was that the car was being driven at 50 miles per hour, and that this was the speed at which the car had been driven, except when passing through congested districts, from the time when the trip was commenced; and of course such speed was within the statutory speed limit.

It will therefore be observed that it was an issue for the jury to decide whether the sole negligence of the driver of the automobile was the proximate cause of plaintiff's injury, and whether the driver of the car was negligent, and if so, whether his negligence contributed as a proximate cause to the plaintiff's injury, if it be conceded, without so deciding that the plaintiff and the driver of the car were engaged in a joint enterprise, or that the driver was her agent or servant.

We will state, without going into the testimony, that there was some testimony from which the jury could have concluded that the plaintiff and the driver of the car were engaged in a joint enterprise, as such is defined by the former decisions of this Court, or that the relationship of master and servant was present, but not to the extent that it could be said as a matter of law that such relationship existed; but that would still leave open the questions as to whether the driver was negligent, and such negligence was a contributing proximate cause of plaintiff's injury.

The trial Judge gave a full and most complete charge to the jury on every phase of the law involved, and in addition to his general charge, adopted as a part thereof the submitted requests to charge of the plaintiff and the defendant, which were read to the jury. And there has been no exception to his charge.

In that there had been a change in the situation since the occurrence of the accident (almost two years having elapsed between the date of the accident and the trial of the case), and the jury had the advantage of photographic evidence, and a map or sketch made by a highway engineer, we are unable to say as a matter of law that the trial Judge abused his discretion in refusing the motion of the defendant to have the jury visit the scene of the accident.

All exceptions are overruled, and the judgment appealed from is affirmed.

STUKES, TAYLOR and OXNER, JJ., and BRUCE LITTLE-JOHN, A. A. J., concur.