## 17524

John B. WILLARD, as Administrator of the Estate of James William Williard, Respondent, v. Charlie McCOY and Charles McCoy, a Minor over the age of Fourteen Years, Appellants

(108 S. E. (2d) 113)

*Messrs. Butler & Chapman,* of Spartanburg, and *Mike S. Jolly,* of Union, *for Appellants,*

*Messrs. James W. Workman* and *James M. Arthur,* of Union, *for Respondent.*

April 14, 1959.

STUKES, Chief Justice.

This is an action for damages for alleged wrongful death under the automobile guest statute, Sec. 46-801, Code of 1952. See *Jackson v. Jackson,* S. C., 108 S. E. (2d) 86, for quotation of it and citations of former relevant decisions; others may be found in the footnotes of the code and supplement.

The defendant, Charles McCoy, driving the automobile of his father and codefendant, Charlie McCoy with decedent as his guest passenger, undertook to race one Roberts in their respective automobiles on a public highway after midnight. All of the participants were young mill employees who got off work at midnight. There was verdict and judgment

for plaintiff which has been appealed upon numerous grounds, including alleged error in the denial of motions for nonsuit, directed verdict and judgment *non obstante verdicto*.

Because of the necessity of new trial the evidence will not be discussed except to say that we find no error in the refusal of the stated motions for the defendants. There was evidence which tended to show that the fatal accident occurred after the end of the race and when the defendant driver, who won the race, had reduced his speed with the intention of turning around on the highway. He testified that at a speed of 55 or 60 miles an hour he lost control of the car on a curve and ran into a field. The disastrous results of the ensuing upset of the car and other facts in evidence indicated reckless speed. See on the subject of racing on the highways 5A Am. Jur. 406, Sec. 289, and also our tangent cases of *Nettles v. Your Ice Co.*, 191 S. C. 429, 4 S. E. (2d) 797, *Augustine v. Christopoulo*, 196 S. C. 381, 13 S. E. (2d) 918, and *Baker v. Clark*, 233 S. C. 20, 103 S. E. (2d) 395.

Passing over the other alleged errors in the admission of evidence and in the instructions to the jury, without decision of them because they may not be repeated at another trial, the judgment will have to be reversed because of prejudicial errors in the admission of the testimony of a former highway patrolman who investigated the accident some time after its occurrence. He was allowed, over objection, to testify to his conclusions which, for aught in the record, were highly speculative. For example, he said that the death car turned over five or more times. Again, he gave his opinion as to the speed of the vehicle as follows: "I have a steel tape and I measured he was going eighty miles or better." He also testified that from his investigation the race had "stopped" before the accident. He was permitted to give other hearsay testimony over objection. We have not undertaken to point out all of the objectionable and prejudicial testimony of this witness.

Similar testimony to that given by the former patrolman in this case was condemned in *Thompson v. South Carolina State Highway Department,* 224 S. C. 338, 79 S. E. (2d) 160, 162, where it was said: "So many factors could enter into this that any formula would be worthless. And again, a highway patrolman who did not see the car in motion is no more competent to judge of the speed of such car than the average man sitting on the jury. He estimated the speed of the car at between 60 and 70 miles an hour, to which testimony the jury naturally gave little weight, if any. We have heretofore remarked, in at least one opinion, that the testimony of highway patrolmen should be limited, when they are not an eyewitness, to markings on the highway, etc., and it is for the jury to reach a conclusion concerning the issue which it is sought to be proven or rebutted thereby." *Huggins v. Broom,* 189 S. C. 15, 199 S. E. 903, and *Smith v. Hardy,* 228 S. C. 112, 88 S. E. (2d) 865, are to the same effect.

Reversed and remanded for new trial.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.