Elizabeth Ann BELL, an infant, by her mother and next friend, Mary Lou Sansbury, and Mary Lou Sansbury, Appellants,

v.

Jean E. MYRTLE, Appellee.

No. 2364.

Municipal Court of Appeals for the District of Columbia.

Argued April 6, 1959.

Decided July 7, 1959.

---

2. D.C.Mun.App., 126 A.2d 157, 159, vacated on other grounds 101 U.S.App.D.C 348, 249 F.2d 104.

**314**

Sidney A. Cohen, Washington, D. C., with whom Joseph D. Bulman, Washington, D. C., was on the brief, for appellants.

William T. Clague, Washington, D. C., with whom Allan C. Swingle, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit to recover damages for personal injuries received by the infant plaintiff and for expenses incurred in her behalf by her mother. From a jury verdict in favor of defendant, plaintiffs appeal, contending that the trial court erred in not permitting a police officer to give his opinion as to the approximate speed of defendant's vehicle at the time of impact, and in refusing plaintiffs' instruction relating to the doctrine of last clear chance.

The accident occurred in the District of Columbia when defendant was driving south through a school zone on Minnesota Avenue. Defendant was in the second lane of traffic, and for at least a block and a half she proceeded almost abreast of another automobile driven by one Stockett, who was in the curb or right-hand lane. She noticed the Stockett car stopping, slowed her vehicle, saw the child two feet in front of her, and struck her instantaneously. Defendant testified that she placed her foot on the brake pedal immediately; that her foot slipped off and struck the accelerator; that

she then reapplied the brake and brought the car to a stop. A passenger in the car, seated on her right, substantially corroborated defendant's testimony. There was testimony that defendant's vehicle traveled 48 feet from the point of impact, laying down skid marks for the last 20 feet.

A police officer from the Accident Investigation Unit, who apparently arrived shortly thereafter, test-skidded defendant's vehicle at the scene and found that at 15 miles per hour, the skid marks equaled 20 feet. Calling the officer as a witness, plaintiffs asked him "taking into account his training and his experience in over 400 or 500 pedestrian cases, the test-skid that he performed, the damage to defendant's automobile, if he could tell the approximate speed of defendant's vehicle at the time of impact." The court refused to permit this testimony on the ground that it would be speculative, and the further ground that the officer was not qualified.

A witness in the Stockett car testified that she was seated in the right front seat. She saw the child suddenly step off the curb into their path and, when they came to a sudden stop without striking her, the child either retreated toward the curb or paused and then proceeded across the street, at which time she was struck by defendant's vehicle when it reached a point two feet ahead of their car.

A police crossing guard, who was stationed at the southeast corner of the intersection of Minnesota Avenue and Ely Place, testified that she twice saw the child attempting to cross the street just before the accident. She blew her whistle and the child retreated. The guard noticed that the child's eight-year-old sister, who had crossed on ahead, was urging the child to cross when the accident occurred. It should be noted that the place where the child attempted to cross the street was not at a crosswalk.

There was admitted into evidence a photograph of defendant's car which displayed the front of the vehicle with a dent in the hood. This photograph, along with the testimony of the witnesses who observed the accident, was the only evidence as to the speed of the car at the time of impact. The police officer called as an expert was not present at the scene of the accident. Plaintiffs contended that the officer was qualified as an expert to testify on the speed of defendant's vehicle at the time of impact, and that the facts in the record called for an instruction on the doctrine of last clear chance. The trial court ruled on each question for defendant, and with those rulings we agree.

When plaintiffs asked the police officer for his opinion, they attempted to bring that witness within an exception to the well recognized rule which limits opinion evidence.[1] The exception admits the opinion of an expert, one qualified because of his knowledge, skill, or training to draw conclusions and inferences from facts, because a jury, considering those facts, is not capable of deducing correct conclusions.

■ As a general proposition, we have no doubt that a trained police officer may be qualified as an expert concerning the speed of automobiles. However, the trial court was correct in ruling that this officer was not qualified to render an opinion on the facts presented to him.

■ An expert may offer testimony concerning the relationship of skid marks to the speed of an automobile,[2] or state the speed at which a vehicle must be driven to cause a certain skid mark. This police officer was not asked to do that, and we express no opinion on the relevance of such a question considering these facts. However, for an expert to unequivocally state or approximate the speed of an automobile at a

---

1. For a suggested standard in applying this rule, see 7 Wigmore, Evidence § 1918 (3d ed. 1940).

2. B-Line Cab Co. v. Hampton, Ky.1952, 247 S.W.2d 34; see Madden v. Killinger, Fla.App.1957, 97 So.2d 205. Annotation, 23 A.L.R.2d 112, 141 (1952).

given point along its path, from skid marks formed sometime after that point, and not running back to it, would be to invite incompetent testimony.[3] In that case, he must support his opinion with other substantial facts, such as personal observation.[4] This the police officer was asked to do without those supporting facts, and the trial court properly ruled that he could not because it would be speculative; it would be without sufficient factual foundation.[5]

We do not limit here the introduction of relevant testimony from a properly qualified expert witness concerning the relationship between skid marks and speed of a vehicle. We do say, however, that for an expert witness to observe only skid marks and then go further by saying *this* vehicle traveled at a certain speed at another point, something more must be present. That something is, usually, personal observation. Here, the officer's opinion of the speed of the car at the time of impact would, of necessity, be based on conjecture.

 We also think the court was correct in refusing the requested instruction on the doctrine of last clear chance. We recently said of this doctrine:

"The applicability of the doctrine of last clear chance has been enunciated in a number of cases in the District. It presupposes a perilous situation caused by the negligence of both the plaintiff and the defendant; it assumes that after the situation had been created there was a time when the defendant could, and the plaintiff could not, avoid the accident. The doctrine is not applicable if the emergency is so sudden that there is no time to avoid the collision, as the defendant is not required to act instantaneously." [6]

To have granted the instruction would have injected into the case a proposition which had no reasonable basis in fact.

Affirmed.

---

3. B-Line Cab Co. v. Hampton, supra; accord, Thompson v. South Carolina, 1953, 224 S.C. 338, 79 S.E.2d 160. See also, Carroll v. Hayes, 1958, 98 Ga.App. 450, 105 S.E.2d 755, 757–758. But see, Padgett v. Buxton-Smith Mercantile Co., 10 Cir., 1958, 262 F.2d 39.

4. B-Line Cab Co. v. Hampton, supra note 2.

5. See Stephanofsky v. Hill, 1950, 136 Conn. 379, 71 A.2d 560, discussed in Floyd v. Fruit Industries, 1957, 144 Conn. 659, 136 A.2d 918, 922, 63 A.L.R. 2d 1378. Cf. Giant Food Stores, Inc. v. Fine, D.C.Cir., 269 F.2d 542.

6. Griffin v. Anderson, D.C.Mun.App.1959, 148 A.2d 713, 714.