Deanne M. RAND (formerly Deanne M. Dyke) and Edward J. Dyke, Appellants,

v.

Orville M. MILLER, Appellee.

No. 2382.

Municipal Court of Appeals for the District of Columbia.

Argued April 27, 1959.

Decided July 28, 1959.

Charles B. Murray, Washington, D. C., with whom Windle F. Jarvis, Washington, D. C., was on the brief, for appellants.

Laurence T. Scott, Washington, D. C., with whom Albert E. Brault and Denver H. Graham, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case arose out of a collision between two automobiles at a street intersection.

From a jury verdict in favor of appellee, appellants appeal. Their principal contention is that the trial judge erred in refusing to instruct the jury on the doctrine of last clear chance.

These are the facts: At the time of the accident appellant Dyke's car was being driven by his daughter, Deanne Rand. Mrs. Rand testified that she was traveling west on Florida Avenue; that as she passed the intersection of Florida Avenue and First Street, N.W., she turned on her signal light preparatory to making a left turn, at which time she saw appellee's car about a block away coming east on Florida Avenue. She thought she could make the turn without danger of collision. She either stopped or slowed down and then accelerated the car as she made an oblique left turn into R Street. As she did so, Mrs. Rand saw appellee's vehicle almost upon her. She testified that she did not have time to back up or go forward; that appellee's car struck the right front of her vehicle with great force; and that he had changed lanes and increased his speed just before the accident occurred. Mrs. Rand suffered personal injuries.

Appellee's testimony was to the effect that he was traveling east on Florida Avenue in the right lane of traffic at approximately 25 miles an hour; that before he reached the R Street intersection, a child ran across the street in front of his car; that he turned his head slightly to see if the child was going to recross the street, and, in so doing, veered a little to the left; that when he looked forward again Mrs. Rand was making a left-hand turn in front of him; and that he applied his brakes and slid about six feet before hitting the right front of her car. Appellee testified that he saw no signal for a left-hand turn. Appellants subsequently brought suit for Mrs. Rand's injuries and for damage to the car, and demanded judgment in the sum of $3,000.

At the outset of the trial appellants' counsel stated that the jury could properly conclude from the evidence that Mrs. Rand may have been contributorily negligent in effecting the left turn into R Street, but that appellee was negligent and that he "had the last opportunity to avoid the collision and would have avoided it except for his own negligence." At this point, counsel for defendant requested a bench conference, following which the court instructed appellants' counsel to make no further reference to any circumstances relating to the issue of last clear chance. At the conclusion of the evidence, appellants' counsel requested the court to instruct the jury on the doctrine of last clear chance. The court refused on the ground that the evidence did not warrant such instruction, and we think rightly so.

One who endeavors to invoke the doctrine of last clear chance has the burden of proving elements justifying its application. In this case there was no evidence that appellee, with the exercise of due care, could have become aware that Mrs. Rand was in peril and oblivious of the fact, and that, after becoming so aware, could have brought his vehicle to a stop before the collision or could have warned Mrs. Rand in time to enable her to avoid being struck.[1] We recently had occasion to again state that where an emergency is so sudden that the party has no time to avoid the collision, the doctrine has no application.[2]

We conclude, on the basis of the record, that the court was justified in refusing the requested instruction.

Affirmed.

[1]. Cf. Finney v. Capital Transit Co., 1952, 91 U.S.App.D.C. 61, 198 F.2d 81.

[2]. Griffin v. Anderson, D.C.Mun.App., 1959, 148 A.2d 713; Bell v. Myrtle, D.C.Mun. App., 153 A.2d 313.