22304

The STATE, Respondent, v. Ardis Baker KELLY, Appellant.

(329 S. E. (2d) 442)

Supreme Court

*Kenneth E. Gaines,* of *Gaines & Wade,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard April 9, 1985.

Decided April 26, 1985.

GREGORY, Justice:

Ardis Baker Kelly was convicted in Magistrate's Court of violating S. C. Code Ann. § 56-5-2330 (Cum. Supp. 1984)[1] arising out of a two-car automobile collision. The Circuit Court affirmed the conviction. We reverse and remand for a new trial.

Appellant first contends the lower court erred in failing to grant a motion for a new trial based on after-discovered evidence. The alleged new evidence was the testimony of an additional witness, who was the first person on the scene after the accident.

A requisite for the grant of a new trial based on after-discovered evidence is that the evidence could not have been discovered with due diligence before the first trial. *State v. Irvin,* 270 S. C. 539, 243 S. E. (2d) 195 (1978). Clearly, appellant has not made this showing. Prior to trial, appellant and her private investigator talked with the witness. The reason they did not get the information they sought was their failure to adequately question him. Therefore, they did not exercise due diligence in seeking the evidence, and the motion was properly denied.

Kelly also claims error in the admission of portions of the testimony of the arresting officer. After describing the accident scene, Officer McCarley, without being qualified as an expert, drew conclusions from his direct observations, and speculated as to the cause of the accident.

A police officer may not give his opinions as to the cause of an accident. He may only testify regarding his direct observations unless he is qualified as an expert. *Thompson v. S. C. Highway Dept.,* 224 S. C. 338, 79 S. E. (2d) 160 (1953).

It is clear that Officer McCarley's testimony was an opinion. The testimony should have been excluded.

---

[1] Failure to stop for a stop sign.

Respondent cites *State v. McClinton*, 265 S. C. 171, 217 S. E. (2d) 584 (1975) for the proposition that a police officer may give an opinion without being qualified as an expert. However, *McClinton* is distinguishable because it essentially involved a direct observation, the existence of a bite mark. On the other hand, Officer McCarley's testimony dealt with the ultimate issues at trial, which should have been left to the jury.

Reversed and remanded.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.