THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Margaret Jacobs, Appellant,
v.
Roxie J. Jackson, Respondent.
 
 
 

Appeal From Marion County
John M. Milling, Circuit Court Judge

Unpublished Opinion No.  2005-UP-549
Submitted October 10, 2005  Filed October 14, 2005

AFFIRMED

 
 
 
Ms. Margaret Jacobs, of Dillon, for Appellant
Louis David Nettles, of Florence, for Respondent.
 
 
 

PER CURIAM:  In this action arising from an automobile accident, Margaret Jacobs appeals the jurys verdict in favor of Roxie J. Jackson.  We affirm.  1
FACTS
On December 6, 1999, Jacobs and Jackson were involved in an automobile accident at an intersection controlled by a traffic light.  Both parties contended they had the right of way through the intersection.  According to the investigating officer, Brad Sawyer, Jacobs told him that she had stopped at the red light and then proceeded through the intersection when the light turned green.  Sawyer testified that Jackson stated the light had turned yellow, but she thought she had it and could beat it.  In his accident report, Sawyer noted that Jackson failed to yield the right of way at the traffic light and struck Jacobs vehicle.  During his testimony, Sawyer opined that Jackson was at fault.  The court ruled that Sawyer was not allowed to give his opinion and instructed the jury that the determination of who was at fault was left to them.  
During the trial, Jackson testified that the light was green when she entered the intersection.  At the time of the trial, Jackson was 82 years old.  
The jury found in favor of Jackson.  They answered no to the following question: Do you find that the defendant was negligent and that such negligence proximately caused the plaintiffs injuries.  The trial court denied Jacobs post-trial motions.  This appeal followed.  
LAW/ANALYSIS
In her statement of the issues on appeal, Jacobs sets forth 3 issues:

 
 
 
 1.  
 Whether defendant-respondent is immune from all liability due to her age based on the grounds of negligence that led to an auto accident.
 
 
 2. 
 Whether Judge erred in not allowing Officer for Appellant to convey all facts during trial that disallowed due process.
 
 
 3. 
 Whether ruling in case against appellant was based on lack of evidence or did the arms of justice elude appellant based on fact respondent was elderly, the jurors knew respondent and exhibited sympathy based on her location and age.
 
 
 

However, Jacobs entire argument section is only one page long and fails to cite to any relevant authority.  Accordingly, her argument may be deemed conclusory and abandoned. See Glasscock, Inc. v. U.S. Fidelity and Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.); State v. Colf, 332 S.C. 313, 504 S.E.2d 360 (Ct. App. 1998) (deeming abandoned a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule).  The fact that Jacobs is proceeding pro se does not relieve her of the responsibility of complying with all procedural and substantive requirements.  See State v. Burton, 356 S.C. 259, 589 S.E.2d 6, 9 n.5 (2003) (A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.).
Although we recommend affirming with a Rule 220, SCACR, opinion we will briefly address Jacobs issues.  
Jacobs argues the trial court erred in not allowing the investigating officer to convey all of the facts.  We disagree.  
Officer Sawyer testified that because of Jacksons age, he did not issue a citation to her, even though she was at fault.  Jacksons attorney objected to Sawyer testifying as to fault.  The trial court instructed the jury that the determination of who was at fault was for them to make.  Sawyer attempted to argue against this ruling, but the court affirmed that it would not permit him to give his opinion as to who caused the accident.  Jacobs did not make any argument against this ruling nor did she proffer any testimony further on the issue.  She never attempted to have Sawyer designated an expert witness.  
A trial judges decision to admit or exclude evidence is within his discretion and will not be disturbed unless an abuse of discretion occurs.   Pike v. S.C. Dept of Transp., 343 S.C. 224, 234, 540 S.E.2d 87, 92 (2000).  Rule 701, SCRE provides:  If the witness is not testifying as an expert, the witnesss testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witnesss testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.  A long line of South Carolina decisions has excluded the opinions of investigating police officers in automobile accident cases.  Gulledge v. McLaughlin, 328 S.C. 504, 508, 492 S.E.2d 816, 818  (Ct. App. 1997); see State v. Kelly, 285 S.C. 373, 374, 329 S.E.2d 442, 443 (1985) (A police officer may not give his opinions as to the cause of an accident.  He may only testify regarding his direct observations unless he is qualified as an expert.).   
Sawyer acknowledged that he did not see the accident occur, nor did he speak to any witnesses to the accident, or view any pictures or videotape of the accident.  His conclusion was based solely on the parties statements to him.  Accordingly, we find no error in the trial courts exclusion of his opinion.  
Jacobs also contends that Jackson was at fault for the accident.  We find no reversible error.          
In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jurys findings.   Townes Assocs. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

[I]t is not unusual for a case to have contradictory evidence and inconsistent testimony from a witness.  In a law case tried before a jury, it is the jury that must decide what part of the witnesss testimony it wants to believe and what part it wants to disbelieve.  Under such circumstances, it is not the function of this Court to weigh the evidence and determine the credibility of the witnesses.  

Small v. Pioneer Machinery, Inc., 329 S.C. 448, 465, 494 S.E.2d 835, 843-44 (Ct. App.1997).
In the present case, both parties claimed to have the right-of-way.  Although there is contrary evidence, Jacksons testimony that she had the green light supports the jurys verdict in her favor.  Accordingly, we must affirm the verdict.  
AFFIRMED.
ANDERSON, HUFF, and WILLIAMS, JJ., concur.

1 We decide this case without oral argument pursuant to Rule 215, SCACR.