764 S.E.2d 249

**James D. FOWLER, Respondent,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and Andrew Flanagan, Defendants,**

**Of Whom Nationwide Mutual Fire Insurance Company is the Appellant.**

**Appellate Case No. 2012–213250.**

**No. 5256.**

Court of Appeals of South Carolina.

Heard April 9, 2014.

Decided Aug. 6, 2014.

Rehearing Dismissed Oct. 24, 2014.

404

John Robert Murphy and Wesley Brian Sawyer, both of Murphy & Grantland, P.A., of Columbia, for Appellant.

Clinch H. Belser, Jr., Michael Joseph Polk, and H. Freeman Belser, all of Belser & Belser, P.A., of Columbia, for Respondent.

WILLIAMS, J.

After his home was destroyed by fire, James D. Fowler brought this suit against Nationwide Mutual Fire Insurance Company ("Nationwide"), claiming Nationwide improperly denied his insurance claim. Following a jury verdict in Fowler's favor, Nationwide appealed, arguing the circuit court erred in admitting opinion testimony from a non-expert. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On January 17, 2009, Fowler's home in Oconee County, South Carolina, was destroyed by fire. The Friendship Fire Department, a local volunteer fire department, and its fire chief, David Wright, responded to the emergency call and were responsible for putting out the fire at Fowler's home. When Chief Wright arrived at Fowler's home, the fire had already burned through the roof, and a large beam had fallen, blocking the front door to the home.

After the fire department extinguished the fire, Chief Wright completed a standardized form known as a "Truck Report." According to Chief Wright, state regulations require fire departments to complete a Truck Report after each fire and submit the form to the State Fire Marshal's office. A Truck Report contains basic information about the fire. Chief Wright testified he followed specific instructions from a manual provided to the fire department when he completed the Truck Report.

At the time of the fire, Fowler had a homeowner's fire insurance policy with Nationwide. After an initial meeting with Fowler, Nationwide decided to conduct an independent investigation into the cause of the fire. Nationwide hired a certified fire investigator to examine the cause and origin of the fire. Nationwide also conducted its own investigation into Fowler's financial circumstances at the time of his claim. Relying upon the motive and opportunity created by Fowler's financial difficulties at the time of his claim and its fire investigator's finding the fire was incendiary, Nationwide determined the fire was intentional. Accordingly, Nationwide denied Fowler coverage based upon his policy's intentional acts exclusion.

On June 29, 2009, Fowler brought suit against Nationwide and Andrew Flanagan, Nationwide's local claims adjuster, alleging breach of contract, bad faith of an insurance contract, and slander per se. The case was tried before a jury in Oconee County on November 28 through December 2, 2011.

Prior to the start of trial, Nationwide made a motion in limine to exclude testimony from Chief Wright as to the cause and origin of the fire. Nationwide also objected to the admission of corresponding portions of the Truck Report containing

Chief Wright's opinions. Nationwide renewed these objections at trial. Prior to Chief Wright's testimony before the jury, the circuit court allowed both parties to conduct voir dire on Chief Wright and heard further arguments on the admissibility of Chief Wright's opinions and the Truck Report. The circuit court ultimately held Chief Wright was not qualified as an expert and therefore could not give opinion testimony. However, the circuit court admitted the Truck Report into evidence and allowed Chief Wright to testify about the report and his rationale in completing it.

On the version of the Truck Report admitted at trial, Chief Wright provided the following information: (1) in the blank for "Area of Origin," Wright wrote "Living Room"; (2) in the blank for "Cause of Ignition," Wright wrote "Unintentional"; and (3) in the blank for "Equipment involved in Ignition," Wright wrote "Heater." During his testimony, Chief Wright explained his observations of the fire and his rationale for his entries on the Truck Report. He testified that he indicated the "Living Room" was the area of origin because it was the most heavily damaged area in the house. He explained that he wrote "Unintentional" for the cause of ignition because he did not see or smell anything that made him suspect the use of accelerants or arson. Finally, Chief Wright explained that he wrote "Heater" for the equipment involved in ignition because a kerosene heater was at the base of a V-shaped burn pattern on the wall of the living room. Chief Wright testified that when a fire burns up a wall, it spreads out in the shape of a V, and that the "V shape ... points down to where the fire originated."

The jury returned a verdict in favor of Fowler on the breach of contract and the bad faith claims. The jury returned a defense verdict on the slander per se claim. The jury awarded $501,444 for the breach of contract claim and $3,000 for the bad faith claim.

Following trial, Nationwide moved for a new trial based in part upon the admission of improper opinion testimony from Chief Wright, both during his trial testimony and in the Truck Report. The circuit court denied Nationwide's motion and found Chief Wright's statements at trial were admissible perceptions under Rule 701 of the South Carolina Rules of

Evidence. Further, the circuit court found the Truck Report was admissible as a public records exception to hearsay under Rule 803(8) of the South Carolina Rules of Evidence. This appeal followed.

## LAW/ANALYSIS

Nationwide argues the circuit court erred in failing to grant a new trial based upon the improper admission of opinion testimony from Chief Wright. Specifically, Nationwide argues the circuit court erred in admitting the Truck Report and Chief Wright's testimony regarding his rationale for completing the report. Nationwide contends this evidence was inadmissible because it contained opinion testimony Chief Wright was not qualified to provide the jury. We agree.

"The admission of evidence is within the [circuit] court's discretion." *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct.App. 2000). "The [circuit] court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law." *Id.* "To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof." *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005). "[T]he admission of incompetent evidence having some probative value upon a material issue of fact in the case is ordinarily presumed to be prejudicial." *Mali v. Odom*, 295 S.C. 78, 84, 367 S.E.2d 166, 170 (Ct.App.1988).

## I. Chief Wright's Testimony at trial

Nationwide argues Chief Wright's testimony regarding the cause of the fire was inadmissible opinion testimony from a lay witness. We agree.

At trial, the circuit court found Chief Wright was not qualified as an expert and therefore could not give his opinion on the fire and its origin.[1] The circuit court held Chief Wright

---

[1]. The issue of whether the circuit court properly chose to not qualify Chief Wright as an expert is not on appeal, and as a result, we decline

could only testify as a lay witness. However, the circuit court ruled the Truck Report was admissible and Chief Wright would be able to testify about his entries on the Truck Report. In its order denying Nationwide's motion for a new trial, the circuit court found Chief Wright's statements at trial were admissible perceptions under Rule 701 of the South Carolina Rules of Evidence.

Under Rule 701,

If the witness is not testifying as an expert, the witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.

In *State v. Kelly*, our supreme court considered a similar situation in the context of a police officer testifying about the cause of an automobile accident. 285 S.C. 373, 374, 329 S.E.2d 442, 443 (1985). In *Kelly*, the defendant was convicted in magistrate's court of failing to stop at a stop sign, which resulted in an automobile collision. *Id.* at 374, 329 S.E.2d at 442. At trial, the magistrate's court allowed the investigating police officer, without first being qualified as an expert, to draw conclusions from his direct observations and speculate as to the cause of the accident. *Id.* at 374, 329 S.E.2d at 443. Our supreme court held that a police officer "may only testify regarding his direct observations unless ... qualified as an expert." *Id.* Because it was "clear that [the police officer's] testimony was an opinion" and "dealt with the ultimate issues at trial," our supreme court reversed and granted a new trial. *Id.* at 374–75, 329 S.E.2d at 443.

to address his qualification as an expert. *See Fields,* 363 S.C. at 25, 609 S.E.2d at 509 ("Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the [circuit] court."). Our holding in this case is not intended to suggest volunteer firefighters could not be qualified as expert witnesses if the circuit court, in its discretion, finds the "proffered expert has indeed acquired the requisite knowledge and skill to qualify as an expert in the particular subject matter." *Watson v. Ford Motor Co.,* 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010).

■ In the instant case, we find portions of Chief Wright's testimony were improperly admitted opinion testimony. Specifically, we find his testimony regarding the "V pattern" as an indicator of the fire's origin[2] and his testimony regarding whether the fire was unintentional[3] were both opinion testimonies. We disagree with the circuit court that Chief Wright's opinions were permissible perceptions under Rule 701. These statements were not mere perceptions observed by Chief Wright, but instead constituted opinions that "require special knowledge, skill, experience or training" to properly be made. *See* Rule 701, SCRE ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which . . . do not require special knowledge, skill, experience or training"). Accordingly, we find Chief Wright should not have been allowed to offer his opinions on these issues during his testimony at trial. *See Kelly*, 285 S.C. at 374, 329 S.E.2d at 443 (finding a lay witness "may only testify regarding his direct observations unless . . . qualified as an expert").

## II. Truck Report

Nationwide argues the circuit court erred in finding the Truck Report was admissible as a public records hearsay exception under Rule 803(8) of the South Carolina Rules of

---

2. When asked to "explain to the jury what the V factor or V pattern is," Chief Wright stated,

   Ever since I've been in the fire service, the few times I've been around people who do inspections or investigations, they call a V pattern, it's a[V] shape that points down to where the fire originated, and as it comes up a wall, it spreads out like V as it comes up. When later asked why he indicated the "Heater" was the "Equipment involved in the Ignition," Wright stated, "I put that there because that was at the bottom of the V pattern."

3. When asked to explain why his report was important, Chief Wright responded, "[W]e're supposed to investigate every fire, not like an investigator, but we're supposed to look at every fire and determine if we need to call SLED or not." He later testified he "didn't see or smell anything that made him think [the fire] was intentional." Finally, when discussing the Truck Report, Chief Wright stated, "The next one says Cause of Ignition, and I've got Unintentional there, because I did not see anything that would make it to me. That's just my opinion. I didn't see or smell anything, like I said before."

Evidence. Nationwide contends the Truck Report should not have been admitted under Rule 803(8) because it contained opinions and conclusions. We agree.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE; *see also R & G Constr.*, 343 S.C. at 439, 540 S.E.2d at 121.

The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *See* Rule 802, SCRE.

■ Rule 803(8) provides the following exception to the general hearsay rule,

Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ...; *provided, however*, that investigative notes involving opinions, judgments, or conclusions are not admissible.

Accordingly, reports containing opinions, judgments, or conclusions are outside the scope of Rule 803(8)'s public records exception. *See State v. Morris*, 376 S.C. 189, 207, 656 S.E.2d 359, 368–69 (2008) (affirming the exclusion of a bankruptcy examiner's report because the report contained "a great deal of investigative opinions, legal analysis, and potential conclusions" that rendered the report "outside the scope of the public records and reports exception"); *S.C. Dep't of Motor Vehicles v. McCarson*, 391 S.C. 136, 147 n. 11, 705 S.E.2d 425, 430 n. 11 (2011) (noting Rule 803(8), SCRE, provides for the admission of certain public records but still excludes "investigative notes involving opinions, judgments, or conclusions").

We find *Bloomgren v. Fire Insurance Exchange*, 162 Ill. App.3d 594, 115 Ill.Dec. 88, 517 N.E.2d 290 (1987), to be instructive on this issue as the Appellate Court of Illinois addressed an issue nearly identical to the present case. In *Bloomgren*, the plaintiffs sought to introduce a report prepared by a local firefighter. *Id.*, 115 Ill.Dec. 88, 517 N.E.2d at 292. This report was completed pursuant to a statutory duty

imposed upon local firemen. *Id.* At trial, the firefighter was not qualified as an expert witness. *Id.*, 115 Ill.Dec. 88, 517 N.E.2d at 293. Further, during cross-examination, the firefighter admitted he did not have any training in the investigation of fires or their causes and origins. *Id.* In the report, the firefighter wrote the "ignition factor" was "electrical" and the equipment involved in ignition was "fixed wiring." *Id.* The court held this report was not admissible under Illinois's equivalent of Rule 803(8).[4] *Id.*, 115 Ill.Dec. 88, 517 N.E.2d at 294. In support of this conclusion, the court found the report "clearly contain[ed] an opinion as to the cause of the fire and, as such, was not admissible under the public records exception to the hearsay rule unless the author of the report . . . was qualified as an expert to give such an opinion." *Id.* The court ultimately found "the fire incident report was erroneously admitted" and after concluding its admission was prejudicial and materially affected the outcome of trial, the court remanded the case for a new trial. *Id.*, 115 Ill.Dec. 88, 517 N.E.2d at 294–95.

■ The facts of the instant case are nearly identical to those in *Bloomgren*. Fowler sought to introduce the Truck Report, which Chief Wright completed as required by state regulations. However, the circuit court specifically found Chief Wright was not qualified as an expert and could not give opinion testimony. Nevertheless, the circuit court admitted a version of the Truck Report that contained the following information: (1) the fire originated in the living room, (2) the fire was unintentional, and (3) the heater was the cause of ignition. We find these three entries constitute opinions or conclusions as to the area of origin, the cause of ignition, and the equipment involved in ignition. *See id.*, 115 Ill.Dec. 88, 517 N.E.2d at 293 (finding statements in a firefighter's report

---

4. Illinois did not adopt a uniform set of Rules of Evidence until 2011. *See* Il. R. Evid. Art. I, Refs & Annos. Prior to that time, evidentiary matters were controlled by case law. Under the controlling case law, public records that "concern causes and effects, involving the exercise of judgment and discretion, expressions of opinion, or the drawing of conclusions are generally not admissible under the public records exception; unless they concern matters to which the official would be qualified to testify about at trial." *Bloomgren*, 115 Ill.Dec. 88, 517 N.E.2d at 293 (citing *Lombard Park Dist. v. Chicago Title & Trust Co.*, 105 Ill.App.2d 371, 245 N.E.2d 298, 301–02 (1969)).

stating the "ignition factor" was "electrical" and the equipment involved in ignition was "fixed wiring" amounted to an opinion as to the cause of the fire). Because Chief Wright was not qualified as an expert who was capable of forming these opinions, the Truck Report fails to fall under the public records exception created by Rule 803(8). *See id.*, 115 Ill.Dec. 88, 517 N.E.2d at 294 (finding a firefighter's report containing opinion is "not admissible as an exception to the hearsay rule [under an equivalent to Rule 803(8), SCRE] because [the firefighter] was not a qualified expert who was capable of giving an opinion as to the origin of the fire"). Accordingly, we find the circuit court erred in admitting the Truck Report.

## III. Prejudice

Nationwide argues that the improper admission of Chief Wright's testimony and the Truck Report prejudiced Nationwide at trial. We agree.

■■ The admission of improper evidence is prejudicial if "there is a reasonable probability the jury's verdict was influenced by the challenged evidence." *Fields*, 363 S.C. at 26, 609 S.E.2d at 509. "[T]he admission of incompetent evidence having some probative value upon a material issue of fact in the case is ordinarily presumed to be prejudicial." *Mali*, 295 S.C. at 84, 367 S.E.2d at 170. In the instant case, we find there is a reasonable probability the improper admission of the opinion testimony influenced the jury's verdict.

Chief Wright testified that his opinion, formed at the scene, was that the fire was unintentional and caused by the heater in the living room. This opinion goes to the ultimate issue in this case. During the course of trial, Fowler made repeated references to Chief Wright and his Truck Report. Fowler outlined Chief Wright's testimony in his opening statement. Fowler used the Truck Report during his questioning of all the expert witnesses testifying at trial. Fowler repeatedly referred to Chief Wright and the Truck Report during his closing statement.[5]

5. During his closing argument, Fowler repeatedly referred to Chief Wright's testimony and the Truck Report as sources of independent information supporting his position the fire was unintentional. In the opening remarks of his closing argument, Fowler mentioned Chief

Ultimately, Fowler inferred the jury should rely upon Chief Wright and the Truck report by stating, "[Chief Wright] has plenty of common sense, he has plenty of experience to do his job, plenty of common sense and experience to answer the key question in this case."

We find a reasonable probability exists that the jury's verdict was influenced by the admission of Chief Wright's testimony and the Truck Report. Accordingly, we find the circuit court's error in admitting Chief Wright's testimony and the Truck Report prejudiced Nationwide. *See id.* *("[T]he* admission of incompetent evidence having some probative value upon a material issue of fact in the case is ordinarily presumed to be prejudicial."). Thus, we reverse and remand this case for a new trial. *See Fields*, 363 S.C. at 26, 609 S.E.2d at 509 ("To warrant reversal based on the admission ... of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence....").

**CONCLUSION**

Based on the foregoing, we find the circuit court improperly admitted the Truck report and Chief Wright's testimony regarding his rationale in completing this report. Accordingly, we reverse and remand this case for a new trial.[6]

REVERSED AND REMANDED.

KONDUROS and LOCKEMY, JJ., concur.

---

Wright's report on the day of the fire, "that the fire started near the [kerosene] heater, and his note that it was unintentional." Later in this argument, Fowler stated,

> Now Chief David Wright has been attacked as being not a competent fire expert. They praised him for being a nice guy, which he is a nice guy; they praised him for being an experienced firefighter, which is true; but they completely disregard and disrespect him as a person with any experience to identify and observe what the State Marshal requires him to observe.
>
> But I suggest if you think about what he said, and look at what the evidence in the case is, he has plenty of common sense, he has plenty of experience to do his job, plenty of common sense and experience to answer the key question in this case.

**6.** Nationwide raises the following four additional grounds as error in its appeal: (1) the failure to award a setoff for prior payments made on

Fowler's behalf; (2) the failure to grant a new trial when the jury verdict was excessive and based upon passion, caprice, or prejudice; (3) the failure to remit the jury verdict; and (4) the failure to grant a Judgment Notwithstanding the Verdict (JNOV) on Fowler's bad faith claim. Due to our disposition of its issue regarding Chief Wright's testimony and the Truck Report, we do not reach Nationwide's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing that an appellate court need not address remaining issues when resolution of one issue is dispositive).