Colcock J
It appeared that the defendant went into possession of a portion of the land, within the Lehre grant, in ] 813; that in 1817 Alston, the surveyor, went on the land to survey it for Lehre, at which tinte one Gandy was in possession, also, within the Lehre lines, and that he had taken possession with an intention to purchase from one Pool. But when he ascertained from Alston’s survey,' that the land was Lehre’s, he. agreed to become the tenant of Lehre, and he remained on the land with that intention until 1820, when he obtained a written lease; James, the defendant, often told him he did not mean to claim the part which he had cleared within Lehre’s lines, that it was not worth a suit. Under these circumstances it was contended that the defendant had established a title by possession. His grant being junior to the plaintiff’s, it was not pretended that he could hold, except by possession. It was said, he was in,from 1813 to 1820, which being more than five years, gave him a title. But to this there were two objections:
1st. (Omitted — merely depending on fact.)
2nd. The admissions by the defendant that he did not claim the land.
To this objection it was said that a man’s loose declarations will not be permitted to affect his rights. Which-is true to a certain extent. What a man would say, in relation to his title or legal right to an estate, would not he suffered to prevail against the truth of the case, as *223 ascertained on a trial; but when a man’s title is to depend on his acts, his declarations will be permitted to shew the nature of those acts to give character to them Now a possession to give title, must be an adverse possession, and if one should be permitted to give in evidence a possession of five years, while he had been constantly declaring that such possession was not intended as an adverse title, it is obvious that he would be permitted to deprive auother of his property by a deception. No one is disposed to go to law without some absolute necessity. A man then might be disposed to suffer auother to remain on his land as long as he declares he does not intend to hold adversely. He is to be considered; as a mere tenant at will.
Peareson and JYott for the motion,
Gregg and Hunter contra.
Motion dismissed.