Nott, J.
The degree of confidence with which the defendants counsel has pressed his claim for a new trial, in this case, has excited something more than ordinary attention iu the court to discover if possible whether the motion really possesses the merit which has been supposed. But it has not appeared to us in the same point of view in which It has pre *266 sented itself to the counsel. It appears by the first ground-, that thejudge permitted a deed to be given in evidence which was bottomed on a judgment that had been set aside. But it will be observed that when the deed was produced it could not be discovered that the judgment did not still remain in full force. And when it afterwards appeared to have been reversed, the judge instructed the jury that they must not regard it as constituting any part of the evidence. It will often happen that testimony may be admitted in an early part of a case, which may become improper by the after introduction of other testimony; or a judge may admit testimony of the incompetency of which he may afterwards become satisfied. , In such cases, the only method of preventing the mischief which might otherwise ensue, is, by instructing the jury not to regard it. And it- is always to be presumed, that they will be governed by such instructions. It would be very embarrassing if every such step were to be a ground for a new trial. I think, therefore, that every thing was done in this case, that . the party had a right to expect. And Í presume the verdict of the jury, was not at all influenced by that testimony.
The second ground, contains a very well settled rule of law, that the declarations of a person shall not be received in support of his own title. But the declarations of a party when accompanied by an act may be received as explanatory of that act, as constituting a part of the res gestee. The plaintiff had produced in evidence an acknowledgment of the witness, that he would become his tenant, thereby admitting the right of the land to be in him. The defendant had a right therefore, to give in evidence his declarations as to his motives' and the manner of his tenancy as explanatory of that act. The defendant could not have called Spear as a witness, because he had an interest in supporting his title, as it went to discharge a debt which he would otherwise have continued liable to pay.
3rd The plat of resurvey was not offered as evidence of title but as defining the extent of defendants possession.And for that purpose it was certainly admissible.
*267 4th. and 5th. The fourth and fifth grounds presented questions for the consideration of the jury, in which the court 3s not disposed to interfere.
6th. With regard to the sixth ground, it is a very familiar principle that a record cannot generally be given in evidence to affect any hut such as are parties or privies to it. But there are exceptions to that rule; as when it consitutes a link in a chain of title, or goes to establish a collateral fact. In the case now under consideration, the plaintiff claimed tinder Spear, under whom the defendants claimed as his tenant, and contended therefore that defendants could derive no title from him. To rebut that evidence the record was produced to shew that Spear had actually been divested of his right before he acknowledged the right of the plaintiff. It was not offered as evidence of defendant’s title, but to shew that, from the circumstances of the case, and the relation in which Spear stood to the parties, at the time, his acknowledge-ments could neitherweaken the title of one nor strengthen that of the other.
7th. There does not appear to he any thing in the instructions of the judge to the jury which will’authorize the interposition of this court.
8th. With regard to the verdict, it belonged to the jury to determine the extent of the defendant’s possession. No colour of title is necessary to give a party a right by possession. The object of the law is to quie' persons in their possessions. After the quiet enjoyment of land for five years, the law presumes a title in the occupant, which may have been lost by accident. The possession is substituted in the place of title. Color of title, I think, at best, a far-fetched figure, and difficult to define; perhaps, however, it is the best that can be used iur reference to the subject to which it is applied. I think that in its common acceptation it is understood to mean any semblance of title by which the extent of a man’s possession can be ascertained. An actual deed from a person who has no right conveys nothing. It is not exclusive evidence of pos *268 session. The possession being proved by other evidence, the deed is only looked to as defining its extent. And for that purpose a more survey is evidence of as high a nature. Suppose a person to be in possession of a town lest, the limits of which are known by a general map of the town, or a tract of laud well known by a particular name; as for instance Tickle-berry or Palmyra, the bounds of which are well defined by distinctly marked lines, it would be sufficient to authorize the jury, from the possession of a part, to find a verdict for the whole, even though the possessor should have neither deed nor plat. And, for the most obvious reasons. A single deed or plat is as susceptible of destruction by fire or other accident as a complete chain of title. Whenever therefore, a person holds by possession only, a deed, plat, or other color or semblance of title, will usually furnish of itself sufficient evidence of the extent of his possession without any other. When he has not such evidence he may retort to any other, such as visible marked lines, adjacent lands, ditches, fences, or any other that shall be satisfactory to the mind of the jury. In the present case the evidence both with regard to the nature of the tenure, as well as the extent of the possession, were somewhat of an equivocal character. But they were questions for the consideration of the jury. If the verdict had been the other way, perhaps the court could not have said that the jury had done wrong: neither can they now say that they7 are dissatisfied with the verdict. The plaintiff has certainly been very negligent in delaying so long to prosecute his claim. These stale demands are not to be encouraged, Nothing tends more to disturb the quiet and repose of the community. Families are broken up, purchasers disturbed in their possessions, and creditors, who have trusted others upon the credit of their long possessions, are disappointed in their just expectations by some dormant claim which could not have been anticipated.
Upon the whole, the court do not see any ground upon vbich the plaintiff can claim a right to a new trial. The *269 Questions of law and fact were so blended together that the court below had a much better opportunity of forming a just estimate of the merits of the case than could possibly be at~ forded to this court.
The motion therefore must be refused.
A. fV. Thompson, for the motion.
Earle and Henry, contra.