14778

HUGGINS v. BROOM *ET AL.*

(199 S. E., 903)

*Messrs. Carlisle, Brown & Carlisle,* for appellant,

*Messrs. Haynesworth & Haynesworth* and *Johnson & Johnson*, for respondents,

November 30, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action under Lord Campbell's Act (Code 1932, § 411, 412), for the alleged wrongful death of appellant's intestate, the complaint alleging that death resulted from the negligence and willfulness of respondents in the operation of an automobile. The answer pleaded contributory negligence and contributory wantonness of appellant's intestate in the operation of an automobile, and a general denial.

There were three cars involved in the collision, and in the car with appellant's intestate was a Mrs. Towles. She was unable to explain or give any idea as to how and why the collision occurred, and none of the occupants of the other cars were able to explain the accident.

Upon a trial of the case, the jury rendered a verdict in favor of defendants-respondents, and the sole question raised by the appeal is the refusal of the trial Judge to grant a new trial for alleged error in the exclusion of opinion evidence offered through a witness, A. T. Willis, a photographer of several years experience, and who for the past ten years had photographed quite a few wreck scenes, and had photographed the scene of this wreck two or three days thereafter.

Appellant states the question involved as follows: "Was it prejudicial error to rule out the testimony offered by

plaintiff's witness, A. T. Willis, in explanation and interpretation of photographs in evidence taken by him and his opinions and conclusions with reference to the physical conditions resulting from the collision?"

Respondents state the question thusly: "Was it error for the trial Judge to exclude the opinion of the photographer Willis as to which automobile made the skid marks shown in a photograph of the scene of the accident and his conclusions as to the manner in which such skid marks were made?"

As best we can gather from the record, the trial Judge had permitted full testimony as to physical conditions apparent at the scene of the wreck, and of the automobiles involved in the collission. He had permitted the witness Willis to "interpret" the photographs he had taken of the physical facts surrounding the collision, that is, the witness was permitted to point out on his photographs the markings shown on the highway at the place of the collision and describe these markings, but the trial Judge excluded the opinion and conclusion of the witness as to how the markings were made and/or what made them—the manner in which such marks were made. The ruling as expressed by the Court was that a picture speaks for itself, and explanation or interpretation is only proper when it emphasizes or corroborates some fact. There was no objection to the photographer pointing out on the photographs objects, markings and abrasions as disclosed thereon, or the angle, direction and distance at which the pictures were taken.

The only showing made to qualify this witness as an expert, one qualified to express an opinion from what was shown by the physical facts as photographed, was that he had been taking pictures or photographing wreck scenes for ten years. He was and is, no doubt, an expert photographer, but was in no better position to express an opinion on the manner in which a marking was made than any other average citizen. It would be just as consistent to say

that a highway patrolman who visits the scenes of wrecks with great frequency, could, after testifying to the physical facts appearing as observed by him, then give his opinion as to which car made certain markings, and whose negligence caused the wreck.

This is the class of matter of which every person of the ordinary fortunes of life would be just as competent to hold and express an opinion as one who photographs a large number of wreck scenes. Expert or opinion evidence is permissible, and quite often necessary, but on matters for which all the materials for judgment are already before the jury, and no special skill or experience is necessary in order to reach a conclusion, and more than one reasonable inference may be indulged in, and especially where the witness is not shown to have had any training or experience different from Mr. Average Citizen, then opinion evidence is properly excluded as superfluity, if for no other reason.

One "who possesses special skill or knowledge of the subject-matter, may state an opinion, where the facts are such that inexperienced persons are likely to prove incapable of arriving at a correct judgment without the assistance of such opinion. The question as to whether the admission of an opinion of an expert is proper, and whether he is qualified, and the determination of the competency or incompetency of nonexpert evidence, rests largely in the judicial discretion of the trial Judge." *Collins v. Atlantic Coast Line R. Co.,* 183 S. C., 284, 302, 190 S. E., 817, 824.

It is our opinion that the trial Judge wisely exercised his discretion when he excluded the evidence.

The judgment appealed from is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.