15251

LAZAR v. GREAT ATLANTIC & PACIFIC TEA CO. *ET AL.*

(14 S. E. (2d), 560)

76

*Messrs. Brown & Watts,* of Barnwell, for appellant,

*Messrs. Blatt & Fales,* of Barnwell, for respondent,

April 30, 1941.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

We gather from the "Statement" set out in the Transcript of Record that this is an action for damages for an alleged assault and battery committed upon the person of plaintiff by the defendant, H. J. Smalls, the manager of the store of the defendant, The Great Atlantic & Pacific Tea Company, in the Town of Barnwell, South Carolina.

The plaintiff, R. J. Lazar, is the proprietor of a grocery store in the same town.

The complaint sets out the circumstances of the alleged assault and battery and also alleges that the assault and battery was done by the defendant, H. J. Smalls, "negligently, willfully and wantonly while engaged in and about his said employer's business, and within the apparent and general scope of his employment as manager, agent and servant of the defendant, The Great Atlantic & Pacific Tea Company, and by reason and in consequence of said assault, this plaintiff was greatly injured, bruised and wounded, and suffered great pain, and serious and permanent injuries  *  *  * ."

The answer of the defendants admits the formal allegations of the complaint and that the defendant Smalls was,

at the times mentioned in the complaint, employed by The Great Atlantic & Pacific Tea Company as manager in charge of its store at Barnwell, South Carolina. Further answering, it is alleged that the altercation was brought about and caused by plaintiff, and took place in front of plaintiff's store, a distance of two blocks from the defendant's store; that defendant Smalls was not acting as agent or employee of the defendant, The Great Atlantic & Pacific Tea Company, "but the same were his sole, separate and individual acts"; that such acts, if done by Smalls, which is denied, were not done by him as agent, employee or servant of his employer, but were outside and beyond his authority, and were not within the scope of his duties.

Upon these issues the case went to trial before Judge Oxner and a jury.

At the conclusion of the taking of the testimony, the defendant, The Great Atlantic & Pacific Tea Company, made a motion for directed verdict in its favor upon the grounds that the only reasonable inference to be drawn from the testimony is that the defendant Smalls was acting individually and not as agent or employee of The Great Atlantic & Pacific Tea Company; that his acts were not within the scope of his employment. Further, that the plaintiff brought on the difficulty by going to the store of The Great Atlantic & Pacific Tea Company and having words with a customer, which brought on the fight later. Also that plaintiff invited Smalls around to Wall Street, and dared him to come. A motion was also made to direct a verdict as to punitive damages. After argument of counsel, the motions were refused. The jury found for plaintiff, $300.00 actual damages and $700-.00 punitive damages. It does not appear that any motion was made for new trial.

The defendant Smalls does not appeal. The defendant, The Great Atlantic & Pacific Tea Company, appeals and sets out the grounds of its appeal in ten exceptions, which it groups for consideration in the following wise:

"Questions Involved.

"1. Did his Honor, the trial Judge, err in refusing to direct a verdict for defendant-appellant upon the ground that there was insufficient evidence to submit to the jury upon the question of whether the act of the servant referred to in the complaint and testimony was in the scope of his employment and discharge of his duties for which the master is liable?

"2. Did his Honor, the trial Judge, err in refusing to direct a verdict for defendant-appellant for punitive damages upon the ground that there was insufficient evidence to submit to the jury upon this question?

"3. Was his Honor, the trial Judge, in error in allowing testimony as to the statements and conduct of defendant, Smalls, and the statements and conduct of the witness, J. B. Grubb, after the assault and battery referred to in the complaint had terminated?"

The exceptions are grouped as follows:

"Exceptions 1, 2 and 3 under Question 1.

"Exceptions 4, 5, 6 and 7 under Question 2.

"Exceptions 8, 9 and 10 under Question 3."

It is needless to cite authorities in support of the ruling that the sufficiency of the evidence is not for the consideration of the trial Judge. If there is any competent and relevant evidence, it is the duty of the trial Judge to submit the matter to the jury. This might well dispose of the issues made by Questions 1 and 2.

The testimony in the case was long-drawn-out and much of it repetitious. There were six witnesses for the plaintiff in addition to the plaintiff. The latter gave his statement of the origin and cause of the encounter. He runs a small grocery store. He saw one of his customers, to whom he sold groceries on credit, coming out of the A. & P. Store with bundles in his arms, and reproached him for trading with another without paying plaintiff. The man said he bought those goods for another. Plaintiff entered the store and inquired of one Fields, a clerk, if the man's statement

was true. He left the store and went to his own place of business. Soon thereafter Smalls appeared on the sidewalk at plaintiff's store and called him out and charged him with interfering with the customers of the store of which Smalls was manager, and said if he repeated it he would beat him up. The assault and battery followed.

The defendant Smalls, on his direct examination, said:

"The first I saw of him (plaintiff) he had stopped a Negro that was going out of the store. Stopped·him just on the sidewalk and started a discussion with him as to why he was trading there instead of with him, and the only reason I did notice it at all was because he had raised his voice just a little. It was just a little uncommon with Dick. * * * The Negro left. * * * Dick came in the store and Jack was about midway of the store and he stopped and asked him how much the Negro bought. I don't remember the amount Jack told him how much he spent and he wanted to know if he was buying it for himself or somebody else and Jack told him he didn't know.

*　　*　　*

"I went around to Dick Lazar's store, called him out on the street and told him I didn't like the way he was doing. I didn't think that was quite the way to handle a thing like that. I didn't blame him wanting his money out of the Negro, if the Negro owed him, but not to bother him any more with that sort of stuff in the store and he said he would do as he pleased and then I told him if he did, I would whip him or get whipped."

Here is testimony by the defendant which was clearly proper and pertinent for the jury to consider on the question whether Smalls was acting within the scope of his duties as manager of the A. & P. Store. It fits in with the plaintiff's testimony thereabout.

On cross examination Smalls said:

"Q. And the only customers that you could protect and be interested in would be the customers of the A & P store —isn't that right? A. Sure.

"Q. That's right and therefore, when you went to Wall Street to talk to Dick Lazar, you went to talk to him about the customers of the A & P store, didn't you? A. I reckon it was sort of the customers, but I went around there because he came around to the store and started a ruckus at the store."

It is plain that this Court must answer appellant's ■ first question by saying that the trial Judge committed no error in submitting to the jury the question whether the acts of Smalls were within the scope of his employment and discharge of his duties for which the master is liable.

Questions 2 and 3 may be considered together.

If there was no error in submitting in evidence the statements of Smalls and Grubb in the circumstances, then there was evidence which required the submission of the question · of punitive damages to the jury.

J. B. Grubb was sworn as a witness for plaintiff. He testified to seeing Dick Lazar going towards his place of business and Smalls walking along right near his side, and in about four or five minutes he (the witness) heard of the difficulty and looked for the policeman; didn't find him. "A. Just about that time, Mr. Smalls, he comes walking on back around the corner and stopped there in front of the drug store or the A & P store and I walked up to where he was and got to talking to him. I knew what had happened and I asked him to go——." There counsel for defense objects on the ground that it was after the difficulty.

"The Court: * * * How long was this after this conversation took place? A. Not over five minutes. * * * It was less than ten minutes from the time I saw Mr. Smalls and Mr. Lazar walking up the street. * * *

"The Court: I will have to admit it as to the defendant, Smalls. It may be competent as to the other defendant. I will see what it is.

"Q. Go right ahead. A. I saw Smalls. He came on back

and stopped there on the street and I walked up to where he was and was talking to him. I told him to go on home and he said * * *

"Q. Tell exactly what he said. A. 'I am not going,' and I said, 'Yes, you go on home, and there probably won't be nothing to it,' and he said, 'No, I am not satisfied. I am going back there and have it out.' "

The objection was overruled.

"A. Well, as he started back, I put him under arrest and held him there until the policeman came * * *.

"A. * * * He said he was going back there and have it out." Mr. Grubb was a member of the city council.

There can be no doubt that the challenged testimony was admissible as to the defendant Smalls. It clearly shows the animus of the assault and battery. There is no doubt that Smalls was the agent, servant and employee of The Great Atlantic & Pacific Tea Company and that he was acting within the scope of his duties and employment. While acting in that scope he wantonly and maliciously committed this assault. His employer is liable for the consequences of his conduct. Within less than ten minutes after Smalls had had his last encounter with Lazar and had pursued him and kicked at him, he met Mr. Grubb, and made the statements which defendants objected to.

We think the evidence objected to was admissible as res gestae. It has no reference to the incidents of the affray; it relates solely to the purpose and motive with which the person charged with committing the assault and battery did the act. The fact that he did commit it is fully established, and that he was acting within the scope of his employment is equally well established. It follows then that the motive with which he acted may be shown by his subsequent conduct and statements.

Nowhere is there found a more lucid definition of the nature and function of the doctrine of res gestae than is set forth in the case of State v. Belcher, 13

S. C., 459, 463, and repeated in the case of *State v. Mc-Daniel,* 68 S. C., 304, 47 S. E., 384, 386, 102 Am. St. Rep., 661. It is as follows: " * * * To make declarations a part of the *res gestae,* they must be contemporaneous with the main fact—not, however, precisely concurrent in point of time. If they spring out of the transaction, elucidate it, and are made at a time so near to it as reasonably to preclude the idea of deliberate design, they are then regarded as contemporaneous.' If the declarations are a mere narration of a past occurrence they are not admissible as *res gestae. State v. Taylor,* 56 S. C. (360), 369, 34 S. E., 939."

The declarations of Smalls in the present case show that the difficulty was not ended with him, but that he intended to return and finish it. He was not satisfied. His declarations are admissible to show his animus—his motives.

Quoting further from the case of *State v. McDaniel, supra:* " * * * Questions of this kind must be very largely left to the sound judicial discretion of the trial judge, who is compelled to view all the circumstances in reaching his conclusion * * * ."

In Volume III, Wigmore on Evidence, Section 1755, treating the doctrine of *res gestae* as an exception to the hearsay rule, this is said: "Now this state of excitement may well continue after the exciting fact has ended. The declaration, therefore, may be admissible even though subsequent to the occurrence, *provided, it is near enough in time to allow the assumption that the exciting influence* continued."

In the present instance Smalls had hardly ceased from pursuing and kicking Lazar when he made the statements objected to.

The case of *State v. Martin,* 94 S. C., 92, 94, 77 S. E., 721, contains this pointed language by that eminent jurist, Mr. Justice Woods, then a member of this Court. It is applicable here: " * * * The language and behavior of the defendant at the time of the shooting, or immediately after-

84

wards, showing his attitude of aggression or of regret, clearly tended to enlighten the jury on the issue as to whether the shooting was done with malice, or in heat and passion, or in self-defense."

He follows it with the citation from *State v. Belcher, supra,* which is set out hereinabove.

Aside from the question of *res gestae,* we think the ▓ evidence objected to was admissible because it bore on the question of ill will or malice on the part of Smalls, admitted to be the manager of the A & P store.

The following is taken from 6 C. J. S. Assault and ▓ Battery, § 40, page 857, which cites a number of authorities in support of its statement of the rule: "Where it is material to show the motive of the assailant, or the existence of malice or ill will on his part, in order to enhance the damages or for any other lawful purpose, prior occurrences and both his prior and subsequent declarations, acts, and conduct, as well as those which accompany the act are legitimate evidence for that purpose. * * *"

We think it is useless to cite other authorities. The trial Judge did not commit error in admitting the evidence of Mr. Grubb and the statements of Smalls, to which objection was made.

This disposes of Questions 2 and 3 and the exceptions covered by them.

All exceptions are overruled and the judgment is affirmed.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE T. S. SEASE concur.