## 17872

Lois W. VAN BOVEN, Respondent, v. F. W. WOOLWORTH
COMPANY, Appellant

(123 S. E. (2d) 862)

*Messrs. Figg, Gibbs & Grimball,* of Charleston, *for Appellant,*

*Messrs. Hope & Cabaniss,* of Charleston, *for Respondent,*

February 8, 1962.

Moss, Justice.

Mrs. Lois W. Van Boven, the respondent herein, brought this action against F. W. Woolworth Company, the appellant herein, to recover damages for personal injuries which she alleged she sustained as the result of a fall she suffered while a customer in appellant's store in Charleston, South Carolina.

The respondent alleged in her complaint that on May 4, 1959, at about 4:30 P.M., she was a customer in the appellant's store. She alleged that in connection with said store, the appellant maintains a section known as a "garden shop", where plants, seeds, and garden tools are sold. The respondent entered the garden shop for the purpose of purchasing gardenia bushes. It is alleged in the complaint that prior to the entry of the respondent into the garden shop of the appellant, that some person or persons working in or near a flower bed left a number of garden tools, including a claw, small shovel and curved digger in one of the said flower beds, and also left a section of low wire fencing in such a position that it partially blocked an aisle or walkway regularly used by customers of said store. It was alleged that while the respondent was walking through the garden shop, relying on the fact that the premises would be maintained in a reasonably safe condition, and while she was proceeding along the regular aisle or walkway, she tripped and fell over the section of wire fencing left in said aisle or walkway by the appellant, its agents and servants, and was injured thereby.

The respondent alleged that the appellant was negligent and reckless in failing to exercise reasonable care in maintaining its aisles and walkways in a reasonably safe condition for use by customers, in failing to make proper and timely inspection of the aisles and walkways, in moving a section of wire fencing into said aisle or walkway and leaving the same therein and failing to remove the same

before allowing customers to walk there, and in failing to warn the respondent of the dangerous condition existing by reason of the wire fencing being left in and partially blocking the said aisle or walkway.

The appellant, by way of answer, denied the allegations of the complaint and set up as an affirmative defense contributory negligence and willfulness of the respondent. The appellant admitted that the respondent had fallen in the garden shop but denied that its agents and servants had left a section of wire fencing in the aisle or walkway. It was further alleged that whatever injuries the respondent sustained were caused by her contributory negligence and willfulness in failing to exercise normal and ordinary care for her own safety while walking in said store and failing to observe her footing and to look where she was walking.

The case came on for trial before the Honorable George T. Gregory, Jr., Presiding Judge, and a jury, at the February 1960 term of the Court of Common Pleas for Charleston County. A verdict was rendered for the respondent for actual damages.

The respondent testified that she went into the store of the appellant for the purpose of shopping. She decided while in the store to purchase some gardenia bushes and this necessitated her going into the "garden shop". Thereupon, she entered the "garden shop" by going up two or three steps to a platform and then stepping down to the gravel surface of said shop. She testified that she walked to the left around a flower bed to go in the back to look for the gardenia bushes and that as she was so walking she tripped over either a wire or a wire display basket, one end of which was resting in the aisle and the other on the edge of the flower bed. She testified that she did not see this wire or wire display basket because the color blended with the gravel floor of the garden shop. She also testified that her foot caught under the wire or display basket and she fell injuring her knee. She also testified that adjacent to the point where she

fell there was a curved digger used in flower pots, and a little shovel, a hammer, "and there was dirt all on the outside of the bed on the ground where they had been working on these flowers, and I noticed from the flower bed where they had pulled some flowers out." The respondent then testified that after she had been helped up by some unknown person, that she hobbled back into the store and saw an employee in the lamp department of the store. She identified this employee as being such because she had priced a trash can from her the week before. She detailed the conversation with this salesgirl as follows:

"And I said, well, I had a fall. She says, well, my goodness. I said, yes, a pretty bad fall. I said, see here, my hose is all torn. I didn't pull my dress up and show her all that. She said, well, just a minute, I'll call my supervisor. I said all right thank you, I'll just stand right here. I'm so upset, I said, if you will, for me, please. So, she walks up with this gray headed lady—she was rather a short woman, she looked like she was in her fifties. As she walked up to me with this woman, the supervisor, she said this is the lady that fell outside in the flower bed where they had been working."

The statement that "This is the lady that fell outside in the flower bed where they had been working" was objected to by the appellant on the ground that such was hearsay. The objection to this testimony has been preserved by proper exception and the appellant now contends that the statement of the salesgirl should have been excluded because such was not a part of the *res gestae* nor did such constitute an admission on the part of the appellant. It is contended by the appellant that the aforesaid testimony was material and damaging as it tended to corroborate the theory of the respondent that workmen of the appellant had left tools and debris in the aisle of the store. The trial Judge is charged with error in admitting this testimony. The appellant takes the further position that, excluding the statement of the salesgirl, the remaining testimony is insufficient to support a verdict against the appellant in favor of the respondent. The

trial Judge is charged with error in failing to direct a verdict or grant a judgment *non obstante veredicto* on the ground that there was no legal evidence produced from which a reasonable inference can be drawn that the appellant was guilty of actionable negligence. Alternatively, the appellant moved for a new trial on the same grounds as are contained in the motion for the directed verdict and judgment *non obstante veredicto*.

To make declarations a part of the *res gestae*, they must be contemporaneous with the main fact, not, however, precisely concurrent in point of time. If they spring out of the transaction, elucidate it, and are made at a time so near to it as reasonably to preclude the idea of deliberate design, they are then regarded as contemporaneous. *State v. McDaniel*, 68 S. C. 304, 47 S. E. 384; *Lazar v. Great Atlantic & Pacific Tea Co., et al.*, 197 S. C. 74, 14 S. E. (2d) 560; *Marks v. I. M. Pearlstine & Sons*, 203 S. C. 318, 26 S. E. (2d) 835.

The appellant relies on the case of *Bagwell v. McLellan Stores Co.*, 216 S. C. 207, 57 S. E. (2d) 257, which was an action for personal injuries sustained in a fall on the floor of the defendant's store. The plaintiff offered a witness who testified that about five seconds after the occurrence, an elderly lady came up and inquired as to the cause of the accident, to which some unknown lady replied: "The floor has just been oiled and she fell". This Court ruled that such statement was inadmissible under the *res gestae* rule for the reason that if the declarer intended to state that the floor had been recently oiled, she was merely narrating an antecedent occurrence. It was further held that if she intended to describe the appearance of the floor, then her statement did not elucidate or characterize the main event but merely represented an opinion or conclusion on her part from what she observed either before or after the accident. We quote from the cited case:

"It must be conceded that the statement in question was sufficiently near in point of time and place to come with-

in the *res gestae* rule, but another essential requirement is that 'it must possess the very characteristic of being well calculated to unfold the nature and quality of the main fact, and so harmonize with it as to obviously constitute a single transaction.' *State v. Long,* 186 S. C. 439, 195 S. E. 624. The declaration must explain, elucidate or in some way characterize that event. *Lazar v. Great Atlantic & Pacific Tea Co. et al.,* 197 S. C. 74, 14 S. E. (2d) 560; *Marks v. Pearlstine & Sons,* 203 S. C. 318, 26 S. E. (2d) 835. The purpose of permitting the introduction of this class of evidence is to prove facts not opinions."

In the case of *State v. Long,* 186 S. C. 439, 195 S. E. 624, the defendant was convicted of involuntary manslaughter growing out of an automobile collision. The defendant introduced a witness in his behalf who was standing on the highway with his father a short distance from the place of the accident. This witness was asked on cross examination if he did not make the statement to his father as the car passed them, "That car is going awful fast, or that car is speeding down the road." The witness denied the statement. Thereafter the father was placed on the stand and the Solicitor sought to prove on cross examination that his son had made the statement just quoted. The Court overruled the objection to the testimony and the witness testified that his son did make the statement. In affirming the conviction of the defendant and holding that such testimony constituted a part of the *res gestae,* this Court said:

"However, we think this testimony was admissible, and an exception to the hearsay rule, upon the ground that it was a spontaneous declaration and constituted a part of the *res gestae.* It is an interesting illustration of the principle on which declarations are received as part of the *res gestae,* that declarations made by bystanders, when made spontaneously, in such a manner as to be a part of the transaction throwing light upon it, are admitted. Jones on Evidence, § 350; *Oliver v. Columbia, N. & L. R. Co.,* 65 S. C. 1, 43 S. E. 307; *Cobb v. Southern Public Utilities Co.,* 181 S. C. 310, 187 S. E. 363.

"It is not necessary, to render a statement or act admissible as a part of the *res gestae*, that it should have been made or done by one of the participants in the main transaction, but if it has a necessary connection with the main fact, it may be admissible, no matter by whom it was made or done, provided, in the case of a declaration, that it relates to a matter of fact which the declarant might testify to if called as a witness, and provided, further, that the declaration meets the other requirements of the rule. 22 C. J., § 540, and cases cited in note.

\* \* \*

"Statements or circumstances which are explanatory of the main fact are admissible in evidence as a part of the *res gestae. Benbow v. Harvin*, 92 S. C. 180, 75 S. E. 414. Its explanatory nature is essential; for a substantial coincidence in point of time with the particular fact is not sufficient to render a declaration or accompanying fact admissible as a part of the *res gestae;* it must possess the very characteristic of being well calculated to unfold the nature and quality of the main fact, and so harmonize with it as to obviously constitute a single transaction. *Turpin v. Brannon*, 3 McCord 261, 14 S. C. L. 261; *Hall v. James*, 3 McCord 222, 14 S. C. L. 222. Of course, the utterance in question must be spontaneous, the test being, it has been said, whether the declaration was the facts talking through the party, or the party talking about the facts. *Murray v. Boston, etc., R.,* 72 N. H. 32, 54 A. 289, 61 L. R. A. 495, 101 Am. St. Rep. 660; *Funderburke v. Powell et al.,* 181 S. C. 412, 187 S. E. 742.

" 'The general rule is that the declarations must be substantially contemporaneous with the litigated transaction, and be the instinctive, spontaneous utterances of the mind while under the active, immediate influences of the transaction; the circumstances precluding the idea that the utterances are the result of reflection or designed to make false or self-serving declarations.' *State v. McDaniel*, 68 S. C. 304, 310, 311, 47 S. E. 384, 386, 102 Am. St. Rep. 661; *Magill v. Southern Railway*, 95 S. C. 306, 78 S. E. 1033."

The decisions in this and other jurisdictions are uniform that the admission or rejection of *res gestae* testimony is largely discretionary with the trial Court. Its probability of truth depends upon the particular facts and circumstances of the case in which it is offered. *Stevens v. Moore et al.*, 211 S. C. 498, 46 S. E. (2d) 73.

In *Neal v. Southern Ry. Co.*, 162 S. C. 288, 160 S. E. 837, it was held that the admission of statements on the ground of being part of the *res gestae* is a matter that must be left largely to the discretion of the trial Judge, for the reason that he is in a position to see and hear the witnesses testify and be able to get a clear understanding of the transaction as it occurred, and unless convinced that the trial Judge abused his discretion or was clearly in error, this Court will not interfere.

The main or primary fact in this case was the fall and injury of the respondent while a customer in the store of the appellant, and the important question for determination is whether such injury was the direct and proximate result of the actionable negligence of the appellant. The wire display basket here involved was a part of the equipment or fixtures of the store. It was not an item for sale to customers and would not ordinarily be handled by any person other than employees or agents of the appellant. There were several small garden tools and fresh dirt near the position of the wire display basket which would indicate that some type of work or activity had been undertaken in the flower bed.

We have held that in order for a customer to recover damages for injuries sustained by falling on some object in an aisle, there must be proof that the storekeeper had actual knowledge of the presence of such in said aisle or that it had been there long enough to charge the storekeeper with constructive notice of its presence. *Hunter v. Dixie Home Stores*, 232 S. C. 139, 101 S. E. (2d) 262, and *Gilliland v. Pierce Motor Company*, 235 S. C. 268, 111 S. E. (2d) 521.

We think that the statement of the salesgirl was made spontaneously and was sufficiently near in point of time and place to come within the *res gestae* rule. Likewise, the statement was explanatory and tended to unfold the nature and quality of the main or primary fact in showing the reason for the respondent's fall. Certainly, the statement of the witness was not an opinion. The circumstances of this case, both in point of time and in causal relation to the main event or fact bring it within the doctrine which admits the declaration in evidence as a part of the transaction itself. The declaration was made immediately in point of time after the happening of the accident and it was a spontaneous statement of a servant of the appellant. We point out in this connection that Courts are generally more liberal in admitting spontaneous declarations of an agent or servant of the defendant. *Bagwell v. McLellan Stores Co.,* 216 S. C. 207, 57 S. E. (2d) 257.

We point out also that the respondent, without any objection being made thereto, testified: "* * * There was a little curved digger that you dig in flower pots with and things, and a little shovel, and there was a hammer laying there, and there was dirt all on the outside of the bed on the gravel where they had been working in these flowers, and I noticed from the flower bed where they had pulled some flowers out. So, naturally, there was only one thing to think, that they had been working in the flower bed and had pulled the flowers out—to make a re-arrangement, I don't know what they were doing in there." The statement of the salesgirl was that "This is the lady that fell outside in the flower bed where they had been working." It thus appears that the testimony of the respondent and that of the salesgirl on this point was practically the same.

We conclude that the trial Judge did not commit error of law or abuse his discretion in admitting in evidence, under the *res gestae* rule, the statement made by the salesgirl, who was a servant of the appellant.

It is unnecessary for us to pass upon the other question raised by the appellant because it is conditioned upon our finding that the statement of the salesgirl should have been excluded. However, we think there was sufficient evidence, even though some of it was circumstantial, which required the trial Judge to submit the issue of the negligence of the appellant to the jury.

The exceptions of the appellant are overruled and the judgment appealed from is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS and BUSSEY, JJ., concur.